DIANE C. WEIL
WEIL LAW FIRM
(STATE BAR NO. 102922)
5950 CANOGA AVENUE, SUITE 400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE: (818) 651-6400
FACSIMILE: (818) 836-5689
EMAIL: dcweil@dcweillaw.com

Attorneys for Plaintiff, Rosendo Gonzalez
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>8590 SUNSET A-S, LLC dba<br><br>CAFÉ PRIMO,<br><br>Debtor. | Case No.: 2: 17-bk-24457-ER<br><br>Chapter 7<br><br>Adversary Case No.: |
| ROSENDO GONZALEZ,<br>Chapter 7 Trustee,<br><br>Plaintiff<br><br>v.<br><br>CHARLTON LUI, individually and as Trustee of Catalyst Trust, CATALYST TRUST, CP WW VENTURES, INC., a Delaware corporation, CTC INVESTMENT HOLDINGS, LLC, a Delaware limited liability company, PRIMO HOSPITALITY GROUP, INC., a California corporation, and HOVHANNES TSHAVRUSHYAN, an individual.<br><br>Defendants. | **COMPLAINT:**<br><br>(1) **TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br><br>(2) **TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br><br>(3) **TO AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE § 3439.04(a)(1);**<br><br>(4) **TO AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE § 3439.04(a)(2)(A);**<br><br>(5) **TO AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE § 3439.04(a)(2)(B);** |

**(6) TO AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE § 3439.05;**

**(7) TO AVOID AND RECOVER PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547(b);**

**(8) TO RECOVER FRAUDULENT AND PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550(a); AND**

**(9) TO PRESERVE TRANSFERS PURSUANT TO 11 U.S.C. § 551.**

Plaintiff, Rosendo Gonzales, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of 8590 Sunset A-FS LLC dba Café Primo (the "Debtor") hereby alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1332 and 1334. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (H). This proceeding arises in and relates to the bankruptcy case of *In re 8590 Sunset A-FS LLC dba Café Primo*, Case No. 2: 17-bk-24457-ER, *presently* pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. The Trustee consents to this Court entering final orders in this adversary proceeding.

2. Venue is proper in this judicial district pursuant to 28 U.S.C § 1409(a).

## COMMON ALLEGATIONS

3. This case (the "Bankruptcy Case") was commenced by the filing of a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on November 22, 2017 (the "Petition Date"). On December 20, 2017, the Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code.

4. On December 27, 2017, Rosendo Gonzalez was appointed as the Chapter 7 Trustee (the "Trustee"), a capacity in which he continues to serve.

2

## Parties

5.  The Trustee is informed and believes and based thereon alleges that Defendant Charlton Lui is an individual formerly affiliated with the Debtor and subject to the jurisdiction of this Court.

6.  The Trustee is informed and believes and based thereon alleges that Defendant Charlton Lui as Trustee of the Catalyst Trust is or was the Managing Member of 8590 Sunset A-FS, LLC dba Café Primo, the Debtor herein (hereinafter, "8590 Sunset").

7.  The Trustee is informed and believes and based thereon alleges that, as a result of one or more of his various affiliations or contractually, Defendant Charlton Lui has personal responsibility for certain obligations of the Debtor ("Guaranteed Payments").

8.  The Trustee is informed and believes and based thereon alleges that Defendant CP WW Ventures, Inc., is a Delaware corporation that has or had 100% ownership of 8590 Sunset and does business in the State of California, and subject to the jurisdiction of this Court.

9.  The Trustee is informed and believes and based thereon alleges that Defendant Charlton Lui is the President of CP WW Ventures, Inc.

10. The Trustee is informed and believes and based thereon alleges that Defendant CTC Investment Holdings LLC is a Delaware Limited Liability Company with its principal place of business in Glendale, California and subject to the jurisdiction of this Court.

11. The Trustee is informed and believes and based thereon alleges that Defendant CTC Investment Holdings LLC owns 100% of the shares of stock of CP WW Ventures, Inc.

12. The Trustee is informed and believes and based thereon alleges that Defendant Charlton Lui is the President and Manager of CTC Investment Holdings, LLC.

13. The Trustee is informed and believes and based thereon alleges that Defendant Primo Hospitality Group, Inc. is a California corporation, with its principal executive office in the State of California, subject to the jurisdiction of this Court.

14. The Trustee is informed and believes and based thereon alleges that Defendant Primo Hospitality Group, Inc. owns 100% of CTC Investment Holdings, LLC.

15. The Trustee is informed and believes and based thereon alleges that Defendant

1 Charlton Lui is a director and the Chief Executive Officer, Chief Financial Officer and Secretary of Primo Hospitality Group, Inc.

16. The Trustee is informed and believes and based thereon alleges that Defendant Hovhannes Tshavrushyan is an individual, residing in the State of California and subject to the jurisdiction of this Court.

17. The Trustee is informed and believes and based thereon alleges that Defendant Hovhannes Tshavrushyan was an officer of the Debtor and guaranteed certain debts of the Debtor.

18. Defendant Hovhannes Tshavrushyan is an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31).

19. Each and every Defendant named and described in Paragraph 5 through and including Paragraph 14 of this Complaint is an insider of the Debtor and an insider of one another as that term is defined in 11 U.S.C. § 101(31).

**Financial Records and Transactions**

20. The Trustee has had the opportunity to review certain financial records provided by the debtor, including, but not necessarily limited to bank account statements and canceled checks for two (2) bank accounts for the period of approximately one year prior to the Petition Date ("Bank Statements").

21. Based upon the Trustee's review of the Bank Statements, there are numerous transfers, of various amounts, from the Debtor's accounts into accounts other than the two (2) accounts for which the Trustee was provided with statements (collectively, the "Unidentified Transfers").

22. Based upon the Trustee's review of the Bank Statements, there are numerous payments on several different credit cards and on bills that are not necessarily for goods or services provided to the Debtor (collectively, the "Non-Debtor Payments")

23. The Trustee is informed and believes and based thereon alleges that certain of the payments made by the debtor were made to creditors whose obligations were guaranteed by Defendant Hovhannes Tshavrushyan (the "Guaranteed Payments").

24. The Trustee is informed and believes and based thereon alleges that additional unidentified transfers may have been made outside of the period for which the Trustee was provided with records, and, to the extent that the Unidentified Transfers described herein are avoidable and recoverable for the benefit of creditors, such additional transfers (the "Additional Transfers") would also be avoidable and recoverable.

25. The Trustee is informed and believes and based thereon alleges that, at the time of the Unidentified Transfers, creditors existed that remained unpaid as of the Petition Date.

26. The Trustee is informed and believes and based thereon alleges that, at the time of the Non-Debtor Payments, creditors existed that remained unpaid as of the Petition Date

27. The Trustee is informed and believes and based thereon alleges that, at the time of the Guaranteed Payments, creditors existed that remained unpaid as of the Petition Date.

28. The Trustee is informed and believes and based thereon alleges that, at the time of the Additional Transfers, creditors existed that remained unpaid as of the Petition Date. Hereinafter, the Unidentified Transfers, the Non-Debtor Payments, the Guaranteed Payments and the Additional Transfers are sometimes collectively referred to as the "Transfers").

29. Pursuant to 11 U.S.C. § 544, the Trustee has the same rights and remedies as a creditor whose claim remains unpaid as of the Petition Date.

### FIRST CLAIM FOR RELIEF

### (Against All Defendants to Avoid and Recover Fraudulent Transfer)

### [11 U.S.C. § 548(a)(1)(A)]

30. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

///

///

31. The Trustee is informed and believes and based thereon alleges that the Transfers[1], individually or collectively, were made with the actual intent to hinder, delay and defraud Debtor's creditors.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants to Avoid and Recover Fraudulent Transfer)

### [11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I)]

32. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

33. The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the property transferred.

34. The Trustee is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

## THIRD CLAIM FOR RELIEF

### (Against All Defendants to Avoid and Recover Fraudulent Transfer)

### [11 U.S.C. § 548(a)(1)(B)(i) and (ii)(II)]

35. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

36. The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the property transferred

///

---

[1] As used in each Claim for Relief, the term "Transfers" refers to the Guaranteed Payments, the Non-Debtor Payments, the Unidentified Transfers and the Additional Transfers as though each was stated separately.

37. The Trustee is informed and believes and based thereon alleges that, at the time of the Transfers, the Debtor was engaged, or was about to engage, in a business or transaction for which any property remaining with the Debtor was an unreasonably small capital.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants to Avoid and Recover Fraudulent Transfer)

### [11 U.S.C. § 548 (c)(1)(B)(i) and (ii)(III)]

38. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

39. The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the property transferred.

40. The Trustee is informed and believes and based thereon alleges that, at the time of the Transfers, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as they matured.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants to Avoid and Recover Fraudulent Transfer)

### [11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1)]

41. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

42. The Trustee is informed and believes and based thereon alleges that the Transfers were made with the actual intent to hinder, delay and defraud Debtor's creditors.

///

///

## SIXTH CLAIM FOR RELIEF

**(Against All Defendants to Avoid and Recover Fraudulent Transfer)**

**[11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2)(A)]**

43. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

44. The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the property transferred

45. The Trustee is informed and believes and based thereon alleges that, at the time of the Transfers, the Debtor was engaged, or about to engage, in a business or transaction for which the Debtor's remaining assets were unreasonably small in relation to such business or transaction.

## SEVENTH CLAIM FOR RELIEF

**(Against All Defendants to Avoid and Recover Fraudulent Transfer)**

**[11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2)(B)]**

46. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

47. The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the property transferred.

48. The Trustee is informed and believes and based thereon alleges that, at the time of the Transfers, the Debtor intended to incur, or reasonably should have believed that they would incur, debts beyond its ability to pay as they became due.

## EIGTH CLAIM FOR RELIEF

**(Against All Defendants to Avoid and Recover Fraudulent Transfer)**

**[11 U.S.C. § 544 California Civil Code § 3439.05]**

49. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

50. The Trustee is informed and believes and based thereon alleges that the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the property transferred.

51. The Trustee is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

## NINTH CLAIM FOR RELIEF

**(Against Defendants Charlton Lui and Hovhannes Tshavrushyan to Avoid and Recover Preferential Transfer)**

**[11 U.S.C. § 547(b)]**

52. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

53. The Trustee is informed and believes and based thereon alleges that the Guaranteed Payments and the Unidentified Payments ("Payments") were transfers of an interest of the Debtor in property

54. The Trustee is informed and believes and based thereon alleges that the Payments were made to or for the benefit of a creditor (the benefit having been received by the guarantor).

55. The Trustee is informed and believes and based thereon alleges that the Payments were made for or on account of an antecedent debt owed by the Debtor before the Payments were made.

56. The Trustee is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Payments.

57. The Trustee is informed and believes and based thereon alleges that the Payments were made within 90 days before the Petition Date.

58. The Trustee is informed and believes and based thereon alleges that the Payments, enabled Defendants, or either of them, to receive more than she would receive if –

    A. The case were a case under chapter 7 of this title;

    B. The transfer had not been made; and

    C. Defendant received payment of such debt to the extent provided by the provisions of this title.

## TENTH CLAIM FOR RELIEF

**(Against Defendants Charlton Lui and Hovhannes Tshavrushyan to Avoid and Recover Preferential Transfer)**

**[11 U.S.C. § 547(b)]**

59. The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

60. The Trustee is informed and believes and based thereon alleges that the Guaranteed Payments and the Unidentified Payments ("Payments") were transfers of an interest of the Debtor in property

61. The Trustee is informed and believes and based thereon alleges that the Payments were made to or for the benefit of a creditor (the benefit having been received by the guarantor).

62. The Trustee is informed and believes and based thereon alleges that the Payments were made for or on account of an antecedent debt owed by the Debtor before the Payments were made.

63. The Trustee is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Payments.

64.  The Trustee is informed and believes and based thereon alleges that the Payments were made between 90 days and one year before the Petition Date and the creditor for whose benefit the Payments were made was an insider defined in 11 U.S.C. § 101(31).

65.  The Trustee is informed and believes and based thereon alleges that the Payments, enabled Defendants, or either of them, to receive more than they would receive if –

   A.  The case were a case under chapter 7 of this title;
   B.  The transfer had not been made; and
   C.  Defendant received payment of such debt to the extent provided by the provisions of this title.

### ELEVENTH CLAIM FOR RELIEF

**(Against All Defendants to Preserve Transfers for the Benefit of the Estate)**

**[11 U.S.C. § 551)]**

66.  The Trustee hereby repeats and re-alleges the allegations contained in paragraphs 1 through 69, inclusive, of this Complaint and hereby incorporates the same as though set forth fully herein.

67.  Pursuant to 11 U.S.C. § 551, each or any of the Transfers, to the extent avoided, is preserved for the benefit of the estate pursuant to 11 U.S.C §§ 544 and 551.

**WHEREFORE**, Plaintiff, Rosendo Gonzalez, Chapter 7 Trustee, prays for judgment as follows:

On the First Claim for Relief:  To avoid and recover the Transfers, or the value thereof.

On the Second Claim for Relief: To avoid and recover the Transfers or the value thereof.

On the Third Claim for Relief: To avoid and recover the Transfers or the value thereof.

On the Fourth Claim for Relief: To avoid and recover the Transfers or the value thereof.

On the Fifth Claim for Relief:  To avoid and recover the Transfers, or the value thereof.

On the Sixth Claim for Relief: To avoid and recover the Transfers or the value thereof.

On the Seventh Claim for Relief: To avoid and recover the Transfers or the value thereof.

1     On the Eighth Claim for Relief: To avoid and recover the Transfers or the value thereof

2     On the Ninth Claim for Relief: To avoid and recover the Transfers, or the value thereof.

3     On the Tenth Claim for Relief: To avoid and recover the Transfers, or the value thereof.

4     On the Eleventh Claim for Relief: For preservation of the Transfers for the benefit of the estate.

6     For costs of suit herein and for such other and further relief as this Court deems just and proper.

8 DATED: November 22, 2019         WEIL LAW FIRM

                                          By: _/s/ Diane C. Weil_____
                                              Diane C. Weil
                                              Attorneys for Rosendo Gonzalez, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Rosendo Gonzalez, Chapter 7 Trustee | **DEFENDANTS**<br>Chartlon Lui, CP WW Ventures, Inc., CTC Investment Holdings, LLC, Primo Hospitality Group Inc, Catalyst Trust, and Hovhannes Tshavrushyan |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Diane C. Weil, Weil Law Firm, 5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367<br>Tel. No.: (818) 651-6400 | **ATTORNEYS** (If Known)<br>Michael J. Berger, 9454 Wilshire Blvd, 6th Floor, Beverly Hills, CA 90212, Tel. No. (310) 271-6223 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Complaint for recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)A), (a)(1)(B) and 544 and California Civil Code §3439.04(a)(1), (a)(2)(A), and (a)(2)(B) and 3439.05; and recovery of preferential transfers pursuant to 11 U.S.C. §§ 550(a) and 551/ | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ unknown |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>8590 Sunset A-S, LLC dba Cafe Primo || BANKRUPTCY CASE NO.<br>2:17-bk-24457-ER ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central || DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Diane C. Weil* ||||
| DATE<br>11/22/19 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Diane C. Weil |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>DIANE C. WEIL<br>WEIL LAW FIRM<br>(STATE BAR NO. 102922)<br>5950 CANOGA AVENUE, SUITE 400<br>WOODLAND HILLS, CALIFORNIA 91367<br>TELEPHONE: (818) 651-6400<br>FACSIMILE: (818) 836-5689<br>EMAIL: dcweil@dcweillaw.com<br><br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>8590 SUNSET A-S, LLC dba<br>CAFÉ PRIMO,<br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-24457-ER<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| ROSENDO GONZALEZ,<br>Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>CHARLTON LUI, individually and as Trustee of Catalyst Trust, CATALYST TRUST, CP WW VENTURES, INC., a Delaware corporation, CTC INVESTMENT HOLDINGS, LLC, a Delaware limited liability company, PRIMO HOSPITALITY GROUP, INC., a California corporation, et<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 1    F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                **KATHLEEN J. CAMPBELL**
                                **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                By: _____
                                          Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                              Page 2                                         **F 7004-1.SUMMONS.ADV.PROC**